THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
_____

No. 24-1776

JIMMY VILLALOBOS-SANTANA; JIMMY COLÓN RODRÍGUEZ.

*Plaintiffs – Appellants,*
v.
PUERTO RICO POLICE DEPARTMENT; PUERTO RICO POLICE SUPERINTENDENT; PUERTO RICO POLICE DEPARTMENT LEGAL AFFAIRS OFFICE; COMMONWEALTH OF PUERTO RICO; PR DEPT OF JUSTICE - Commonwealth of Puerto Rico,

*Defendants – Appellees.*
_____

On Appeal from the United States District Court for the District of Puerto Rico in Case No. 21-1312, Judge Aida M. Delgado-Colon

_____

**BRIEF FOR APPELLEES**

_____

**OMAR ANDINO-FIGUEROA**
Solicitor General of Puerto Rico
USCA No. 1197240
P.O. Box 9020192
San Juan, PR 00902-0192
Tel. (787) 721-2900
*Attorney for Appellees*

**LUIS R. ROMAN-NEGRON**
USCA No. 91490
ROMAN NEGRON LAW, PSC
P.O. Box 360758
San Juan, PR 00936
Tel. (787) 979-2007
*Attorney for Appellees*

May 9, 2025

## CORPORATE DISCLOSURE STATEMENT

The Appellees are not required to file a Corporate Disclosure Statement pursuant to Federal Rule of Appellate Procedure 26.1 because none of them is a non-governmental corporate party.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES........................................................................................4

I. PRELIMINARY STATEMENT ....................................................................6

II. JURISDICTIONAL STATEMENT................................................................10

III. STATEMENT OF THE ISSUES PRESENTED FOR REVIEW...................10

IV. STATEMENT OF THE CASE AND PROCEDURAL BACKGROUND ....11

V. STANDARD OF REVIEW ...........................................................................14

VI. SUMMARY OF THE ARGUMENT ............................................................14

VII. ARGUMENT..................................................................................................15

A. The *Discharge Injunction* applies to this case because the conditions of the *Confirmation Order* and the *Plan of Adjustment* are met, and the PRPB is a public agency of the Commonwealth of Puerto Rico which is funded by the coffers of the general fund…………………………………………………………………………..15

B. The defenses raised by Plaintiffs-Appellants against the application of the injunction are misplaced and fail as a matter of law……………………………23

VIII. CONCLUSION ..............................................................................................29

3

# TABLE OF AUTHORITIES

**CASES**

*Alternative Sys. Concepts v. Synopsys*, 374 F.3d 23, 33 (1st Cir. 2004) ………..… 28

*Berkowitz v. Berkowitz*, 817 F. 3d. 809, 813 (1st Cir. 2016) ……………….….. 27

*In re City of Detroit*, 524 B.R. 147, 263-64 (Bankr. E.D. Mich. 2014) ………...… 26

*In re Fin. Oversight and Mgmt. Bd*, 636 B.R. 1, 89-90 (D.P.R. Jan 18, 2022) …... 18

*In re Fin. Oversight & Mgmt. Bd.*, 650 B.R. 286, 290, 295 ……………….....… 20

*In Re Gurrola*, 328 B.R. 158, 170 (B.A.P., 9th Cir. 2005) ……………………….. 29

*In Re Hamilton*, 540 F.3d 367, 373 (6th Cir. 2008) ……………………….……… 29

*In Re Kimmel*, 378 B.R. 630, 638 (B.A.P., 9th Cir. 2007) ……………………..… 29

*Ortiz-Resto v. Rios-Matienzo*, Case No. 21-1232 …...……………………….… 9, 22

*Osuji v. Departamento de la Familia, et. als.*, Civil No. 20-1545 (RAM), 2023 WL 2753683 …………………….…………………………………….. 9, 21, 22

*Salgado & Associates v. Cestero-Lopategui*, 34 F.4th 49, 52-53 (1st Cir. 2022)…14, 23

*Velez-Molina v. Rivera-Schatz*, Civil No. 20-1565 (MEL), 2023 WL 6536235 ..... 9, 19, 20

**STATUTES**

11 U.S.C. § 524(a) ………………………………………….… 28, 29

11 U.S.C. § 944 …..……………………………………10, 15, 23, 24, 25, 26

42 U.S.C. § 2000 ……...……………………………………….…. 6, 11

28 U.S.C. § 1291 ..................................................................... 10

42 U.S.C. § 1983 ……………………………………....………20,21, 26

48 U.S.C. §§ 2101 *et seq. …………………………………………...7, 8, 13, 16*

3 PR Laws Ann. §§ 211a & 211b ……………………………………… 21

25 P.R. Laws Ann §§ 3531-3552 …………....………………………… 8, 15, 19

29 P.R. Laws Ann. §146 ……………..…………………………....… 6, 11

29 P.R. Laws Ann §194 ……………………………………………... 7, 11

**RULES**

Fed. R. Civ. P. 59(e) ……………………………………....…………. 13, 14

**TREATISES**

6 *Collier on Bankruptcy* ¶ 944.03[2], 16th ed., Lexis Nexis (2009) ………….….. 24

THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
_____

No. 24-1776

JIMMY VILLALOBOS-SANTANA; JIMMY COLÓN RODRÍGUEZ.

*Plaintiffs – Appellants,*
v.
PUERTO RICO POLICE DEPARTMENT; PUERTO RICO POLICE
SUPERINTENDENT; PUERTO RICO POLICE DEPARTMENT LEGAL
AFFAIRS OFFICE; COMMONWEALTH OF PUERTO RICO; PR DEPT OF
JUSTICE - Commonwealth of Puerto Rico,

*Defendants – Appellees.*
_____

On Appeal from the United States District Court for the District of Puerto Rico in
Case No. 21-1312, Judge Aida M. Delgado-Colon

_____

**BRIEF FOR APPELLEES**
_____

**COME NOW,** Defendants-Appellees, through the undersigned attorney, and

respectfully aver and pray as follows:

## I.     PRELIMINARY STATEMENT

On July 4th, 2021, Jimmy Villalobos-Santana ("Villalobos-Santana") and

Jimmy Colon-Rodriguez ("Colon-Rodriguez") (collectively, "Plaintiffs-

Appellants") filed a *Complaint* against their employer, the Puerto Rico Police

Bureau ("PRPB"), which is an agency of Commonwealth of Puerto Rico, seeking

relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, Puerto Rico Law 100, P.R. Laws Ann. Tit. 29, §146 ("Law 100"), and Puerto Rico Law 115, P.R. Laws Ann. Tit. 29, §194 ("Law 115"). *Appendix*, at 1-8. Plaintiffs-Appellants claimed that they experienced retaliatory acts between 2018 and 2019. After the Appellees filed a *Motion to Dismiss*, the *Complaint* was amended to remove the Puerto Rico law claims and to drop Colonel Antonio López-Figueroa as a named co-defendant. *Appendix,* at 16-22. Once Plaintiffs-Appellants filed the *Amended Complaint*, and after several proceedings not relevant here, the parties commenced discovery. After further procedural events—including the filing of, and ruling upon, a dispositive motion—the Appellees filed on May 6th, 2024 a *Notice of Injunction*. *Appendix*, at 1402-1409. In it, Appellees notified that, pursuant to the *Confirmation Order* issued in the Commonwealth of Puerto Rico's Title III proceedings under the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA") 48 U.S.C. §§ 2101 *et seq*, Plaintiffs-Appellants are permanently enjoined from continuing recovery efforts against the Appellees in this case. In short, Appellees informed the District Court that the present case is subject to the *Discharge Injunction* entered in the Commonwealth of Puerto Rico's Title III proceeding and that the case should be permanently stayed, since their claim must be addressed through the administrative expense claim process of paragraph 44 of the *Confirmation Order*.

On June 5th, 2024, the District Court issued a *Memorandum and Order* granting the relief requested by the Appellees. *Addendum*, at 1-8. Accordingly, the District Court held that the case was permanently stayed, and Plaintiffs-Appellants are permanently enjoined from continuing with the claims set forth in the *Amended Complaint*, pursuant to 48 U.S.C. §§ 2101–2241, the *Plan of Adjustment* and the *Confirmation Order*, unless and until the Court in the Title III case modifies the injunction. The District Court's decision is correct and should not be disturbed by this Court of Appeals for the following reasons.

*First*, continuation of litigation in this case is improper because there is currently an *injunction* in place, staying the present case and depriving the District Court of jurisdiction. Specifically, according to the provisions of paragraph 56 of the *Confirmation Order*, and section 92.2 of the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* ("Plan of Adjustment"), upon the occurrence of the Effective Date on March 15th, 2022 ("Effective Date"), the Commonwealth was afforded a discharge from a broad range of claims. That is, on the Effective Date, the automatic stay afforded by PROMESA finalized and was superseded by a permanent injunction that has an effect similar to that of the automatic stay. The PRPB is a public agency within the Puerto Rico Department of Public Safety, funded by the coffers of the Commonwealth of Puerto Rico and, accordingly, is covered by the aforesaid injunction. *See* Articles 2.01-2.23

of the Organic Act of the Department of Public Safety, 25 P.R. Laws Ann. §§ 3531-3552.

In short, the Title III Court entered a *Confirmation Order* and approved *a Plan of Adjustment* that contained a permanent injunction on *all claims* against the Commonwealth that arose prior to the Effective Date of March 15th, 2022. The *Complaint* in this case was filed on July 4th, 2021, alleging purported discriminatory and retaliatory acts that occurred during the 2018-2019 period. If successful, Plaintiffs-Appellants would receive monetary relief from the Commonwealth of Puerto Rico, as the PRPB is a government entity that does not generate its own funds and depends on budgetary assignments from the Commonwealth's general fund. **It is uncontested that the present complaint against the Commonwealth of Puerto Rico was made prior to the Effective Date of the *Confirmation Order*.** Hence, the discharge and the injunction contained in the *Plan of Adjustment* are applicable to Plaintiff-Appellants' claim.

Other courts within the District of Puerto Rico have agreed with the position advanced by Appellees and ruled accordingly in similar cases. *See e.g. Velez-Molina v. Rivera-Schatz*, Civil No. 20-1565 (MEL), 2023 WL 6536235; and *Osuji v. Departamento de la Familia, et. als.*, Civil No. 20-1545 (RAM), 2023 WL 2753683. And, notably, the Financial Oversight and Management Board for Puerto Rico ("FOMB"), has endorsed a similar position before this Court of Appeals in the case

of *Ortiz-Resto v. Rios-Matienzo*, Case No. 21-1232. *See FOMB's Response to the July 12, 2024 Order of the Court*, filed on September 20th, 2024, p. 1 ("The order confirming the plan expressly discharges claims brought against Commonwealth officials if the claims relate to the Commonwealth and its assets").

*Second*, the arguments advanced by Plaintiffs-Appellants totally disregard the plaint text of the *Confirmation Order* and instead rely on an undeveloped and non-binding interpretation in *Collier on Bankruptcy* of 11 U.S.C. § 944. Plaintiffs-Appellants also rely on a wholly inapplicable judicial estoppel argument. Thus, none of the arguments put forth by Plaintiffs-Appellants defeat the clear and unmistakable terms of the *Confirmation Order*, which enjoins all claims against the Commonwealth made prior to the Effective Date, such as the present one. Consequently, the District Court's decision must be affirmed.

## II.     JURISDICTIONAL STATEMENT

The Court of Appeals has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 as the District Court entered a *Memorandum and Order* and Judgment on July 16th, 2024. The *Notice of Appeal* was filed by Appellants on August 6th, 2024.

## III.     STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

Whether the District Court erred in permanently staying the case pursuant to the *Discharge Injunction* that is currently in place pursuant to the *Confirmation Order* and the *Plan of Adjustment*, issued in the Commonwealth of Puerto Rico's

Title III proceedings under PROMESA and applicable to all claims filed before the Effective Date.

## IV. STATEMENT OF THE CASE AND PROCEDURAL BACKGROUND

Plaintiffs-Appellants filed a Title VII suit against the PRPB and others on July 4th, 2021, under 42 U.S.C. § 2000; Law 100 of June 30, 1959, P.R. Laws Ann. tit. 29, § 146 *et. seq.*; and Law 115 of December 20, 1991, P.R. Laws Ann. tit. 29, § 194 *et. seq.*, alleging retaliation in the workplace. *Appendix*, at 1-8. Specifically, Plaintiffs-Appellants alleged purported retaliation after testifying in an administrative investigation within the PRPB. *Appendix*, at 1-8. After the Appellees filed a *Motion to Dismiss*, the *Complaint* was amended to remove the Puerto Rico law claims and to drop Colonel Antonio López-Figueroa as a named co-defendant. *Appendix,* at 9-15, 16-22.

The *Amended Complaint* shows that Plaintiffs-Appellants alleged that the PRPB purportedly started a pattern of retaliation and hostile work environment. As to Plaintiff Villalobos, the retaliation claims include: (i) the elimination of off-duty days; (ii) withdrawal of authority as to subordinates; (iii) disarmament of weapon for no reason; (iv) barred from going to the evidence room; and (v) placed in dangerous shift while unarmed. With regard to Plaintiff Colon-Rodriguez, he alleged that: (i) the PRPB retaliated against him after testifying in a complaint filed by co-Plaintiff Villalobos-Santana by changing his work shift from 12 pm to 8 pm to 8 pm

to 4 am; (ii) failed to provide ethics courses and weapons training prior to retirement; (iii) force to work on a weekend. The purported retaliatory acts transpired during the years 2018 through 2019. *See Amended Complaint*, *Appendix*, at 17-21.

On November 30th, 2021, the Appellees answered the *Amended Complaint*. *Appendix*, at 23-29. The Appellees specifically alleged that they were appearing "without waiving any right, objection or defense arising from the Title III of [PROMESA], the Commonwealth's Petition under said Title or under this case." *Appendix*, at 23.

The parties then conducted discovery and, after several procedural events, Appellees filed a *Motion for Summary Judgment* on May 17th, 2023. *Appendix*, at 685-717. Plaintiffs-Appellants filed their *Opposition to Summary Judgment* on September 20th, 2023, and Appellees replied on November 14, 2023. *Appendix*, at 871-1310, 1314-1332. On March 30th, 2024, the District Court issued an *Opinion and Order*, granting in part and denying in part the *Motion for Summary Judgment*. *Appendix*, at 1364-1399.

On May 6th, 2024, the Appellees filed a *Notice of Injunction* in which they argued that, pursuant to the *Confirmation Order* issued in the Commonwealth of Puerto Rico's Title III proceedings under PROMESA, Plaintiffs-Appellants are permanently enjoined from continuing recovery efforts against the Appellees in this case. *Appendix*, at 1402-1409. In response, Plaintiffs-Appellants argued that all but

one of their claims relate to actions that occurred after the "proof of claim bar date." *Appendix*, at 1410-1413. In short, Plaintiffs-Appellants' argument is that the *Plan of Adjustment* and *Confirmation Order* are "inapplicable to post-petition claims as the one at hand[.]" *Appendix*, at 1421.

On June 5th, 2024, the District Court issued a *Memorandum and Order* granting the injunction requested by the Appellees and, accordingly, entered a judgment permanently staying the case, and permanently enjoining Plaintiffs-Appellants from continuing with the claims set forth in the *Amended Complaint*, pursuant to 48 U.S.C. §§ 2101–2241, the *Plan of Adjustment* and the *Confirmation Order* "unless and until the Court in the Title III case modifies the injunction." The District Court further stated that "[t]he case is hereby administratively closed for statistical purposes." *Addendum*, at 8. In so ruling, the District Court stated that:

> Contrary to plaintiffs' argument that the Plan's and Confirmation Order's discharge and injunctions are inapplicable to "post-petition" claims, the Plan clearly states that "the Debtors and Reorganized Debtors shall be deemed discharged and released from any and all Claims, Causes of Action and any other debts that arose, in whole or in part, prior to the Effective Date." *In re Financial Oversight and Management Board for Puerto Rico*, 650 B.R. at 293 (emphasis added); ¶ 56 of the *Confirmation Order*. The instant action was filed on July 4, 2021, which is several years after the petition date but before the Effective Date of March 15, 2022. Thus, plaintiff's claims "arose, in whole or in part, prior to the Effective Date."

*Addendum*, at *6.*

On July 1st, 2024, Plaintiffs-Appellants filed a three-page *Motion to Alter Judgment* pursuant to Fed. R. Civ. P. 59(e). *Appendix*, at 1431-1433. Plaintiffs-

Appellants argued that the District Court "committed clear error of law in not applying the doctrine of judicial estoppel… [and] ignor[ing] the position of the leading treatise on Bankruptcy." On July 16th, 2024, the District Court issued a *Memorandum and Order* denying the Rule 59(e) Motion. *Addendum*, at 9-11.

On August 6, 2024, Plaintiffs-Appellants filed a *Notice of Appeal*. *Appendix*, at 1437-1449.

## V.    STANDARD OF REVIEW

The District Court's decision on the applicability of the *injunction* described in Paragraph 59 of the *Confirmation Order* is a purely legal determination. The First Circuit reviews *de novo* the district court's legal determinations. *See Salgado & Associates v. Cestero-Lopategui*, 34 F.4th 49, 52-53 (1st Cir. 2022).

## VI.    SUMMARY OF THE ARGUMENT

The District Court correctly entered a judgment permanently staying the case pursuant to the *Discharge Injunction* that is currently in place in the Commonwealth of Puerto Rico's Title III proceedings under PROMESA. Specifically, according to the provisions of paragraph 56 of the *Confirmation Order*, and section 92.2 of the *Plan of Adjustment*, upon the occurrence of the Effective Date on March 15, 2022, the Commonwealth was afforded a discharge from a broad range of claims. Simply put, on the Effective Date, the automatic stay afforded by PROMESA finalized and was superseded by a permanent injunction that has an effect similar to that of the automatic stay. The PRPB is an agency of the Commonwealth of Puerto Rico, which

is covered by the aforesaid injunction. *See* Articles 2.01-2.23 of the Organic Act of the Department of Public Safety, 25 P.R. Laws Ann. §§ 3531-3552. Accordingly, Plaintiffs-Appellants' only recourse was the filing of an Administrative Expense Claim before the Title III Court, per the *Confirmation Order* and the *Notice of Confirmation Order*. If no Administrative Expense Claim was filed, then the case should be permanently stayed.

In addition, the defenses advanced by Plaintiffs-Appellants totally disregard the plaint text of the *Confirmation Order* and instead rely on an incomplete and non-binding interpretation in *Collier on Bankruptcy* of 11 U.S.C. § 944. Plaintiffs-Appellants also rely on a wholly inapplicable judicial estoppel argument. Thus, none of the arguments presented by Plaintiffs-Appellants defeat the clear and unmistakable terms of the *Confirmation Order*, which enjoins all claims against the Commonwealth made prior to the Effective Date. Consequently, the District Court's decision must be affirmed.

# VII.  ARGUMENT

**A. The *Discharge Injunction* applies to this case because the conditions of the *Confirmation Order* and the *Plan of Adjustment* are met, and the PRPB is a public agency of the Commonwealth of Puerto Rico which is funded by the coffers of the general fund.**

On May 6th, 2024, Appellees filed a *Notice of Injunction* under PROMESA, arguing that the present case is a pre-*Plan of Adjustment* (March 15, 2022)[1] case in which Plaintiffs-Appellants are trying to obtain monetary relief from the debtor, the Commonwealth of Puerto Rico. Therefore, the *injunction* described in Paragraph 59 of the *Confirmation Order*[2] fully applies.

On June 5th, 2024, the District Court issued a *Memorandum and Order* granting the injunction requested by the Appellees and, accordingly, entered a judgment permanently staying the case, and permanently enjoining Plaintiffs-Appellants from continuing with the claims set forth in the *Amended Complaint*, pursuant to 48 U.S.C. §§ 2101–2241, the *Plan of Adjustment* and the *Confirmation Order* "unless and until the Court in the Title III case modifies the injunction." This decision is correct as a matter of law and should be *affirmed* for the following reasons.

On May 3rd, 2017, the Commonwealth of Puerto Rico, by and through the FOMB, as the Commonwealth's representative pursuant to Section 315(b) of

---

[1] *See* Case No. 17-bk-3283-LTS, ECF No. 19784.
[2] *See* Case No. 17-bk-3283-LTS, ECF No. 19813.

PROMESA, filed a petition with the United States District Court for the District of Puerto Rico (the "Title III Court") under Title III of PROMESA (the "Title III Case").

On January 18th, 2022, the Title III Court entered the *Confirmation Order* in Case No. 17-bk-3283-LTS, ECF No. 19813, *Appendix*, 1403, in which it confirmed the *Plan of Adjustment*. Section 92.2 of the *Plan of Adjustment* discharges and releases the Commonwealth from "any and all Claims, Causes of Action, and any other debts that arose, in whole or in part, prior to the Effective Date." *Plan of Adjustment* § 92.2(a), *Appendix*, 1407. Pursuant to § 92.3 of the *Plan of Adjustment*, all parties holding claims released pursuant to § 92.2 are permanently enjoined from commencing or continuing any action to enforce or collect upon a released claim. *Id.* § 92.3, Thus, according to the cited provisions of the *Plan of Adjustment*, on the Effective Date of March 15, 2022, the Commonwealth was granted a discharge from a broad range of claims.

Whereas, the *Confirmation Order*, in its Paragraph 59, titled "Injunction on Claims," states, in relevant part, that it discharges "all Claims against the Debtors and Reorganized Debtors, and each of their respective employees, officials, Assets, property, rights, remedies, Claims, or Causes of Action of any nature whatsoever, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets and property." *Confirmation Order* ¶ 56(b), *Appendix*, 1425-1426.

Furthermore, the *Confirmation Order* permanently enjoins creditors from "commencing or continuing, directly or indirectly . . . any action or other proceeding…of any kind" on any discharged claim against the Commonwealth. *Confirmation Order* ¶ 59. *Appendix,* at 1426-1427.

Here, Plaintiffs-Appellants filed the *Complaint* on July 4th, 2021. Thus, Section 92.2 of the *Plan of Adjustment* clearly discharged and released the Debtor/Commonwealth from "any and all Claims, Cause of action and any other debts that arose, in whole or in part, prior to the Effective Date." *See Plan of Adjustment* §92.2(a) and *Confirmation Order* ¶ 56.

Section 1.135 of the *Plan of Adjustment* defines "claims" as follow:

> ***Any right to payment or performance***, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, known or unknown or asserted or unasserted; or any right to an equitable remedy for breach or enforcement of performance, whether or not such right to an equitable remedy is reduce to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, and all debts, suits, damages, rights, remedies, losses, liabilities, obligations, judgments, actions, causes of action, demands, or claims of every kind or nature whatsoever, in law, at equity, or otherwise. (Emphasis added).

*In re Financial Oversight and Management Board for Puerto Rico*, 636 B.R. 1, 89-90 (D.P.R. Jan 18, 2022).

Also, Section 1.126 of the *Plan of Adjustment* defines "Causes of Action" as follows:

> **All claims, actions, causes of action, rights to payment**, choses in action, suits, debts, dues, **sums of money**, accounts, reckonings, bonds, bills,

specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, **judgments, remedies**, rights of setoff, third-party claims, subrogation claims, contribution claims, **reimbursement claims**, indemnity claims, counterclaims, and cross claims (including, but not limited to, all claims for breach of fiduciary duty, negligence, malpractice, breach of contract, aiding and abetting, fraud, inducement, avoidance, recovery, subordination, and all Avoidance Actions) that are pending or may be asserted against any Entity whether arising on or before the Effective Date, based in law or equity, including, but not limited to, under the Bankruptcy Code, whether known, unknown, reduced to judgment, not reduce to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured and whether asserted or assertable directly or derivatively, in law, equity or otherwise and whether asserted or unasserted as of the Effective Date. (Emphasis added).

*Id.*, at 88-89.

Plaintiffs-Appellants' claims against the Appellees fall within the discharge provided in the *Plan of Adjustment* and *Confirmation Order*. This is because they claim to have a right to payment against the Appellees, which is the type of claim covered by both the *Plan of Adjustment* and *Confirmation Order*. Moreover, the PRPB's status as a government entity within the Commonwealth of Puerto Rico is beyond dispute, and Plaintiffs-Appellants do not even challenge it. *See* Articles 2.01-2.23 of the Organic Act of the Department of Public Safety, 25 P.R. Laws Ann. §§ 3531-3552.

It is important to underscore that Appellees' position on this matter has been endorsed by other courts within the District of Puerto Rico. For instance, in *Velez-Molina v. Rivera-Schatz*, Civil No. 20-1565 (MEL), 2023 WL 6536235, plaintiffs filed

on October 21st, 2020 a post-Petition employment discrimination claim against the Puerto Rico Senate, then Senator Miguel Romero and various Senate employees. On April 4th, 2023, the Senate filed the Notice of Injunction under the *Confirmation Order* and *Plan of Adjustment*. The Court ruled in favor of the Senate's position and held that:

> As explained below, the Plan [of Adjustment] contains several injunctions, one of which encompasses all claims and causes of action against the Commonwealth of Puerto Rico (the "Plan Injunction") not already addressed within the Plan or the court order confirming it (the "Confirmation Order"). Plaintiffs' claims against the Senate are permanently enjoined pursuant to the Plan's Injunction. Plaintiffs contend that Section 362(a)(1), the automatic stay provision under Federal Bankruptcy Code, governs this dispute and that their claims fall outside Section 362(a)(1). Therefore, according to Plaintiffs, this case should not be stayed. However, Section 362(a)(1)'s automatic stay has expired and been replaced by the Plan Injunction, and thus this argument cannot stand.

*Velez-Molina*, 2023 WL 6536235 at *2.

Moreover, the *Velez-Molina* Court, interpreting *Confirmation Order* § 56 and *Plan of Adjustment* § 92.2, held that the "Title III court has interpreted these provisions to broadly apply toward claims against the Commonwealth of Puerto Rico.[3] *Id.* at *3. In rejecting the other arguments presented by the plaintiffs against the applicability of the injunction, the Court reached the following conclusion:

---

[3] Citing *to In re Fin. Oversight & Mgmt. Bd.*, 650 B.R. at 290, 295 (holding that Movants' Section 1983 claims are permanently enjoined by the Plan Injunction); Dkt. No. 24851 at 9 in Case No. 17-3283 ("Although the automatic stay no longer precludes the assertion of Movants' claims against the Commonwealth and the PRPD, any such claims have been discharged by the Plan and cannot be pursued because they are subject to the Plan Injunction").

Plaintiffs further argue that Section 92.2 (and 56) should be interpreted to discharge only "those claims that are reasonably related to any claim rooted to prebankruptcy past." ECF No. 99 at 6. However, Section 92.2 explicitly states that claims which arose prior to the Effective Date are discharged. Title III Plan § 92.2. Because Plaintiffs' claims arose between 2017 and 2019—which is before the Effective Date of March 2022—their claims are discharged per the Plan.

….

The Senate further contends that Plaintiffs' only remedy is to file an Administrative Expense Claim according to Sections 1.51 and 1.52 of the Plan. ECF No. 95 at 8–9. Plaintiffs do not affirmatively state whether they have filed an Administrative Expense Claim and instead argue that their claim is not an Administrative Expense Claim. The court need not consider these arguments because the Plan Injunction has deprived this court of jurisdiction.

*Id.* at *4.

Likewise, in *Osuji v. Departamento de la Familia, et. als.*, Civil No. 20-1545 (RAM), 2023 WL 2753683, the court stayed a case involving constitutional claims under 42 U.S.C. § 1983, pursuant to the terms of the *Confirmation Order* § 56 and *Plan of Adjustment* § 92.2. In ruling for the position advanced by defendant Departamento de la Familia, an agency of the Commonwealth of Puerto Rico,[4] the Court ruled that:

A permanent injunction within the Title III Plan replaced PROMESA's automatic stay. *See In re Fin. Oversight & Mgmt. Bd. for Puerto RICO*, at *7; *Confirmation Order* § 59; *Title III Plan* § 92.3. The injunction permanently bars all claims discharged pursuant to § 56 of the Confirmation Order (§ 92.2 of the Plan). See *Confirmation Order* § 59; *Title III Plan* § 92.3. Sections 56 and 92.2 discharged all Claims and Causes of Action against the Debtors and Reorganized Debtors not expressly addressed within the Plan or the Confirmation Order. See *Confirmation Order* § 56; *Title III Plan* § 92.2; see also *In re Fin. Oversight & Mgmt. Bd.*, 2022 WL 4364417, at *5-6.

---

[4] 3 PR Laws Ann. §§ 211a & 211b.

To have one's claim addressed within the Commonwealth's Title III proceedings, claimants were required to file a proof of claim on or before the relevant Bar Date. *See* Title III Plan § 1.117; *In re Fin. Oversight & Mgmt. Bd.*, 2022 WL 4364417, at \*6. The Administrative Claim Bar Date, which Defendants suggest (and Plaintiffs do not contest) is the Bar Date applicable to this case, is 90 days after the Plan's Effective Date. Title III Plan § 1.51. After that, "any Administrative Expense Claim, proof of which has not been filed, shall be deemed forever barred[.]" *Id.* Plaintiffs were thus required to file a proof of claim on or before June 13, 2022 (the Administrative Claim Bar Date) to have their claims addressed within the Commonwealth's Title III proceedings.

Plaintiffs do not appear to have filed a poof of claim by the Administrative Claim Bar Date. (Docket Nos. 188, 214, 217, 220). As a result, Plaintiffs' claims were not expressly provided for under the Confirmation Order or the Plan and were discharged pursuant to §§ 56 and 92.2, respectively. As claims discharged pursuant to these sections, Plaintiffs' claims are permanently enjoined pursuant to § 59 of the Confirmation Order (§ 92.3 of the Plan).

*Osuji*, 2023 WL 2753683 at \*2-3.[5]

Finally, the FOMB endorsed a similar position before this Court of Appeals in the case of *Ortiz-Resto v. Rios-Matienzo*, Case No. 21-1232. *See FOMB's Response*

---

[5] The *Osuji* Court, nevertheless, ruled that Plaintiffs' claims against the Individual Defendants in their individual capacities are not enjoined. *Id.* at \*4. However, the Court, on reconsideration, modified the ruling upon learning that Plaintiffs had filed a timely proof of claim with the Title III Court. After becoming aware of this fact, the Court held that "[u]pon learning that Plaintiffs had filed a timely proof of claim with the Title III Court, the Court ordered Plaintiffs to show cause as to why their claims against all Defendants should not be stayed. (Docket No. 238). Given that Plaintiffs' claims are currently pending in the Title III case (17-03283 LTS), they were not released and enjoined by the Plan. *Id.* Rather, they are subject to the automatic stay established by the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"). *Id.* Therefore, any exceptions to the Plan's permanent injunction are irrelevant. After being given an opportunity to be heard at a hearing and in writing, Plaintiffs failed to show cause… This case is STAYED as to all Defendants." *Osuji,* 2023 WL 6216352 at \* 1-2 (on reconsideration).

*to the July 12, 2024 Order of the Court*, filed on September 20, 2024, p. 1. Specifically, the FOMB argued that the order confirming the plan expressly discharges claims brought against Commonwealth officials if the claims relate to the Commonwealth and its assets. Since the individual defendants in *Ortiz-Resto* were represented by the Puerto Rico Department of Justice under Law 9, and the Commonwealth most likely would pay any adverse judgment under that statute, the FOMB argued, citing to *Salgado & Associates Inc. v. Cestero-Lopategui*, 34 F.4th 49 (1st Cir. 2022), that the complaint posed indirect claims against the Commonwealth subject to discharge under the *Plan of Adjustment* and *Confirmation Order*.

In sum, Plaintiffs-Appellants' claims are undisputedly made against the Commonwealth of Puerto Rico, and "arose, in whole or in part, prior to the Effective Date" of the *Confirmation Order*. Since Plaintiffs-Appellants failed to file a proof of administrative expense claim in the Title III Case, their claim is barred. *See* ¶ 44 of the *Confirmation Order*. Consequently, the District Court judgment is correct as a matter of law and should be affirmed.

## B. The defenses raised by Plaintiffs-Appellants against the application of the injunction are misplaced and fail as a matter of law.

Plaintiffs-Appellants ignore the plain text of the *Confirmation Order* and instead rely on two points: (1) an undeveloped argument based on a non-binding interpretation in *Collier on Bankruptcy* of 11 U.S.C. § 944, suggesting the *Discharge*

23

*Injunction* should only cover pre-petition claims; and (2) a judicial estoppel argument that does not apply. These arguments are unavailing for the following reasons.

*First*, none of the arguments set forth by Plaintiffs-Appellants rebut the clear and unmistakable terms of the *Confirmation Order*, which enjoins claims against the Commonwealth made prior to the Effective Date. Since it is beyond dispute that the matters raised in the *Amended Complaint* arose prior to the Effective Date, the case is clearly subject to the injunction. Notwithstanding the aforesaid, Plaintiffs-Appellants rely on Collier's suggestion at ¶ 944.03[2][b] to argue for a narrower interpretation of discharge provisions, limiting discharge to pre-petition debts only. But this purported "better interpretation" is neither universally endorsed nor supported by the broader context of bankruptcy law. The very same treatise, *Collier on Bankruptcy*, at ¶ 944.03[2][a] & [b], acknowledges differing interpretations regarding discharge provisions. In fact, *Collier* at ¶ 944.03[2] underscores the broad equitable scope of bankruptcy discharge protections, and states that "under general principles [the §944 discharge] operates as a release of all debts incurred before the date of the filing of the chapter 9 petition", but warns that "[t]o what extent it goes beyond that is uncertain." 6 *Collier on Bankruptcy* ¶ 944.03[2][a], at 944-7, 16th ed., Lexis Nexis (2009). And although the treatise does opine that "a more sensible reading suggests that only prepetition debts are discharged", **it still acknowledges**

that "[i]f there is any doubt concerning the scope of debts to be discharged, the **plan itself or the order confirming the plan can provide the necessary clarification.**" *Id.*, at ¶ 944.03[2][c]. (Emphasis added). And that precisely should be the better interpretation because, by its very terms, Section 944(c)(1) excepts from discharge any debts "excepted from discharge by the plan or order confirming the plan." *Id.* Based on the provisions of the statute, Collier advises that:

> [S]ection 944(c)(1) should not be construed as an invitation to the court or to creditors to incorporate any of the provisions of section 523 of the Code for any other general or equitable exception to discharge. Section 944(c)(1) is carried over from former law and was not intended to permit the court to fashion its own exceptions to discharge under the facts and circumstances of each particular case.

*Id*.

Here, the *Plan of Adjustment* and *Confirmation Order* set forth a broad discharge that does not exclude post-petition claims. Again, the *Discharge Injunction* in the Commonwealth's Title III case enjoins claims against the Commonwealth made prior to the Effective Date. This interpretation is not only consistent with Section 944 but is also deferential to the plain wording of the *Plan of Adjustment* and *Confirmation Order*. Section 301 of PROMESA incorporates Section 944 of the Bankruptcy Code and we should assume that the Title III Court was aware of clause (c) of said section, and its preference for specifically stating exceptions to the discharge in the text of the *Plan of Adjustment* and *Confirmation Order*. **Aware of Section 944, the Title III Court approved an ample discharge**

**which sets the Effective Date as the cutoff date and does not provide exceptions for post-petition claims**.

This interpretation aligns with the purposes outlined in PROMESA. Conversely, Plaintiffs-Appellants' interpretation contravenes PROMESA's overarching equitable intent and undermines the comprehensive nature of the Title III discharge designed to restore fiscal stability to Puerto Rico by conclusively addressing its debts and liabilities. Moreover, it is not unusual for federal courts to interpret discharge provisions broadly, consistent with bankruptcy's fundamental purpose to provide debtors with a fresh start. *See e.g In re City of Detroit*, 524 B.R. 147, 263-64 (Bankr. E.D. Mich. 2014) (applying discharge broadly under Chapter 9 provisions to discharge claims under 42 U.S.C § 1983).

In sum, the District Court's interpretation of the discharge provisions contained in the *Plan of Adjustment* and *Confirmation Order* is consistent with their plain text, authoritative bankruptcy law, equitable principles, and legislative intent. Plaintiffs-Appellants' suggested interpretation is not mandated by Collier and does not adhere to Section 944(c)'s instruction to exclude from discharge only those debts that are "excepted from discharge by the plan or order confirming the plan." Accordingly, Plaintiffs-Appellants' proposed interpretation should be rejected.

*Second*, Plaintiffs-Appellants' arguments pursuant to the doctrine of judicial estoppel are also misplaced. The judicial estoppel doctrine mandates that where a

party succeeds in asserting a certain position in a legal proceeding, he or she may not assume a contrary position in a subsequent proceeding simply because his or her interests have changed. *See Berkowitz v. Berkowitz*, 817 F. 3d. 809, 813 (1st Cir. 2016). This legal rule is clearly inapplicable to this case because Appellees are not taking a contrary position from any other position in a prior stage of this case.

Plaintiffs-Appellants are correct in that the injunction became effective in the Commonwealth's Title III debt restructuring case on March 15, 2022, and that its discharge mandate and its preclusive effect was not raised by Appellees until May 6, 2024. But this is not a reversal of any previous position. Appellees did not argue before the District Court that the *Discharge Injunction* was inapplicable to the case at bar. And they have consistently appeared "without waiving any right, objection or defense arising from the Title III of [PROMESA], the Commonwealth's Petition under said Title or under this case." Thus, Plaintiffs-Appellants' assertion that "[b]y not raising the stay defense, Appellee was telling the District Court that it did not apply to the case", is an overreach from a legal and logical standpoint.

There are two generally agreed-upon conditions for the application of judicial estoppel. "First, the estopping position and the estopped position must be directly inconsistent, that is, mutually exclusive." *Alternative Sys. Concepts v. Synopsys*, 374 F.3d 23, 33 (1st Cir. 2004). "Second, the responsible party must have succeeded in

persuading a court to accept its prior position." *Id.* None of these conditions are present here.

At any rate, the purported delay in notifying the *Discharge Injunction* in no way undermines or limits the effectiveness, or the dispositive effect, of the *Confirmation Order* and its injunction. Certain defenses can be raised at any time, even after the bankruptcy case is closed. One such defense is that of the violation of the *Discharge Injunction*. A discharge order is binding, and any post-bankruptcy collection efforts on discharged debts are void under 11 U.S.C.§ 524(a). For illustrative purposes, Section 524(a) of the Bankruptcy Code states, in relevant part, that "[a] discharge in a case under this title—... (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, *whether or not discharge of such debt is waived.*" (Emphasis ours). Section 524(a)(2) of the Bankruptcy Code was incorporated by Section 301 of PROMESA.

Based on Section 524(a)(2)'s clear plain language, the defense of discharge in bankruptcy has been characterized as an absolute, nonwaivable defense. *In Re Gurrola*, 328 B.R. 158, 170 (B.A.P., 9th Cir. 2005). This anti-waiver rule does not allow for equitable exceptions. *In Re Kimmel*, 378 B.R. 630, 638 (B.A.P., 9th Cir. 2007) ("discharge is absolute and, in light of the anti-waiver provisions of § 524(a), does not admit of an equitable exception that would permit it to be waived by

postdischarge conduct"); see also *In Re Hamilton*, 540 F.3d 367, 373 (6th Cir. 2008) (in the context of a state court judgment that debtor argued violated the discharge, the court held that the discharge injunction operates automatically, and creditors are prohibited from attempting to collect discharged debts, regardless of whether the debtor raises the discharge as a defense in state court proceedings).

For these reasons, the Court should affirm the District Court's ruling rejecting judicial estoppel and holding that the discharge provisions of PROMESA apply.

## VIII. CONCLUSION

**WHEREFORE**, it is respectfully requested that this Honorable Court AFFIRM the District Court's judgment permanently staying the case pursuant to the *Discharge Injunction* that is currently in place in the Commonwealth of Puerto Rico's Title III proceedings under PROMESA.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 9th day of May, 2025.

*s/Omar Andino Figueroa*
**OMAR ANDINO FIGUEROA**
Solicitor General of Puerto Rico
USCA No. 1197240
P.O. Box 9020192
San Juan, PR 00902-0192
Tel. (787) 721-2900
*Attorney for Appellees*

*s/Luis R. Román-Negrón*
**LUIS R. ROMAN-NEGRON**
USCA No. 91490
ROMAN NEGRON LAW, PSC
P.O. Box 360758
San Juan, PR 00936
Tel. (787) 979-2007
*Attorney for Appellees*

**Certificate of Compliance with Rule 32(a)**

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

 X  this brief contains 5,775 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

___   this brief uses a monospaced typeface and contains 523 lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

 X   this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Windows Vista in size 14 Times New Roman type style, or

___this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

*s/Luis R. Roman-Negron*
Attorney for Appellees

Dated: 9th day of May, 2025.

**CERTIFICATE OF FILING AND OF SERVICE**

IT IS HEREBY CERTIFIED that on this same date a true and exact copy of this reply brief has been filed with the United States Court of Appeals for the First Circuit using the CM/ECF system, which will send notification of such filing to all counsel who have filed appearances in this case.

In San Juan, Puerto Rico, this 9th day of May, 2025.

<table>
<tr><td><em>s/Omar Andino-Figueroa</em></td><td><em>s/Luis R. Román-Negrón</em></td></tr>
<tr><td><strong>OMAR ANDINO-FIGUEROA</strong></td><td><strong>LUIS R. ROMAN-NEGRON</strong></td></tr>
<tr><td>Solicitor General of Puerto Rico</td><td>USCA No. 91490</td></tr>
<tr><td>USCA No.</td><td>ROMAN NEGRON LAW, PSC</td></tr>
<tr><td>P.O. Box 9020192</td><td>P.O. Box 360758</td></tr>
<tr><td>San Juan, PR 00902-0192</td><td>San Juan, PR 00936</td></tr>
<tr><td>Tel. (787) 721-2900</td><td>Tel. (787) 979-2007</td></tr>
<tr><td><em>Attorney for Appellees</em></td><td><em>Attorney for Appellees</em></td></tr>
</table>